UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
DONALD CALVIN,                          )
                                        )   No. C07-273RSL
                   Plaintiff,           )
       v.                               )   ORDER GRANTING RULE 60(b)
                                        )   MOTION FOR RELIEF FROM
WHATCOM COUNTY, *et al.*,                )   JUDGMENT AND ORDER
                                        )   RENOTING MOTION TO PERMIT
                   Defendants.          )   REQUEST OF WAIVER OF SERVICE
_____)

## I. INTRODUCTION

This matter comes before the Court on *pro se* plaintiff's November 13, 2007 "Response to Court's Order of September 27, Vacating Order to Show Cause, And Directing Service By October 31, 2007" (Dkt. #13), which the Court construes as a Fed. R. Civ. P. 60 motion for relief from judgment.[1] For the reasons set forth below, the Court vacates its November 6, 2007 "Order of Dismissal" (Dkt. #11) and Judgment (Dkt. #12).

//

//

---

[1] Although plaintiff's filing was technically a response not a motion, "nomenclature is not controlling." Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns, 537 F.2d 1058, 1061 (9th Cir. 1976); see Dkt. #21 (Notice of Pendency of FRCP 60 Motion) ("Appellant hereby gives the Court of Appeals for the Ninth Circuit notice of the pendency of a Motion for Relief from Judgment, brought pursuant to FRCP 60.").

ORDER GRANTING RULE 60(b)
MOTION FOR RELIEF FROM JUDGMENT
AND ORDER RENOTING MOTION

## II. DISCUSSION

**A.    Background**

On March 4, 2007, the Court granted plaintiff's motion to proceed *in forma pauperis* and directed plaintiff to serve defendants as required by Fed. R. Civ. P. 4. See Dkt. #3. As of September 7, 2007, plaintiff had not served defendants, and as a result, the Court ordered plaintiff to show cause why this action should not be dismissed under Fed. R. Civ. P. 4. See Dkt. #6 (Order to Show Cause). On September 24, 2007, plaintiff responded to the Court's order to show cause contending that the failure to serve defendants was the result of injuries plaintiff sustained in a "catastrophic auto collision." See Dkt. #8 (Plaintiff's Response to Court's Order to Show Cause"). Based on plaintiff's response on September 27, 2007, the Court vacated the September 7, 2007 order and directed that plaintiff serve defendants and file proof of service with the Court by October 31, 2007 or face dismissal under Fed. R. Civ. P. 4(m). See Dkt. #9 (Order Vacating Order to Show Cause and Order Directing Service).

By November 6, 2007, plaintiff had failed to comply with the Court's September 27, 2007 order, and accordingly the Court dismissed plaintiff's action without prejudice and entered judgment. See Dkt. #11 ("Order of Dismissal"); Dkt. #12 (Judgment).

After entry of judgment, on November 13, 2007, the Court received plaintiff's "Response to Court's Order of September 27, Vacating Order to Show Cause, And Directing Service By October 31, 2007" (Dkt. #13) and a declaration from plaintiff's process server, "Declaration of Anne Hulse Showing Compliance With Court's Order of September 27, 2007" (Dkt. #15).

**B.    Analysis**

Under Fed. R. Civ. P. 60(b), "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any . . . reason that justifies relief." "Pro se litigants are allowed more latitude than litigants represented by

counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993); see also Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) ("[P]ublic policy favoring resolution on the merits clearly counsels against dismissal . . . [in] a § 1983 civil rights action.").

In this case, plaintiff's November 13, 2007 filings, received by the Court less than 10 days after the Court's judgment, shows that plaintiff substantially complied with the Court's September 27, 2007 order. Because the order of dismissal and judgment were entered by the Court based on plaintiff's failure to comply with the Court's September 27, 2007 order, the Court now vacates the dismissal and judgment.

### III.  CONCLUSION

For all of the foregoing reasons, the Court VACATES the November 6, 2007 "Order of Dismissal" (Dkt. #11) and Judgment (Dkt. #12). The Clerk of Court is directed to reopen this case. Because plaintiff's "Motion to Permit Request of Waiver of Service of Additional Defendants; or, for an Order Directing Service by United States Marshal's Service, in the Alternative" was filed after entry of judgment, the Clerk of Court is also directed to RENOTE plaintiff's motion (Dkt. #14) on the Court's calendar for Friday, **January 12, 2008**. Defendants' response to this motion if any, shall be filed no later Monday, January 8, 2008, and plaintiff's reply, if any, shall be filed no later than January 12, 2008.

DATED this 10th day of December, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING RULE 60(b)
MOTION FOR RELIEF FROM JUDGMENT
AND ORDER RENOTING MOTION         -3-