1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
DONALD CALVIN,                      )   No. C07-273RSL
                                    )
              Plaintiff,            )   ORDER DENYING AS MOOT
      v.                            )   PLAINTIFF'S MOTION TO FILE
                                    )   "TARDY RESPONSE," AND ORDER
WHATCOM COUNTY, *et al.*,           )   GRANTING PLAINTIFF'S MOTIONS
                                    )   FOR LEAVE TO FILE LATE AND
              Defendants.           )   OVERLENGTH RESPONSE
_____)

## I. INTRODUCTION

This matter comes before the Court on three motions from *pro se* plaintiff Donald Calvin: (1) "Motion to Permit Receipt of Tardy Response to Defendant's Motion for Summary Judgment" (Dkt. #53); (2) "Motion for Leave to File Late Response to Defendant's Motion for Summary Judgment" (Dkt. #55); and "Motion for Leave to File Overlenght [sic] Response to Defendant's Motion for Summary Judgment" (Dkt. #58). For the reasons set forth below, the Court denies as moot plaintiff's motion to permit tardy response, and grants plaintiff's motions for leave to file a late and overlength response. The Court also renotes defendants' summary judgment motion (Dkt. #31) and plaintiff's motion to dismiss (Dkt. #43).

## II. DISCUSSION

### A. Procedural History

On March 19, 2008, defendants filed a motion for summary judgment (Dkt. #31), which

was originally noted for the Court's consideration for April 25, 2008.  See Dkt. #40 (Minute Order noting motion for April 25, 2008).  In response to an agreed motion, on April 28, 2008, the Court renoted defendants' summary judgment motion for May 23, 2008.  See Dkt. #47.  On plaintiff's subsequent uncontested motion, the Court again renoted defendants' summary judgment motion, and plaintiff's accompanying motion to dismiss (Dkt. #43), for Friday June 13, 2008.  See Dkt. #52.

On June 16, 2008, the Monday after the noting date, plaintiff filed his "Motion to Permit Receipt of Tardy Response" (Dkt. #53).  In the motion, plaintiff acknowledged that his response was due on June 6, 2008, but that he had difficulty obtaining affidavits in support of his response.  See Dkt. #53 at 1.  Plaintiff therefore requested leave to file his response by June 18, 2008.  Id. at 3, ¶8.  Defendants opposed plaintiff's request.  See Dkt. #54.

On July 1, 2008, plaintiff finally filed his response to defendants' summary judgment motion.  See Dkt. #56 (Plaintiff's Response to Defendants Motion for Summary Judgment).  The response consists of a 71-page brief with more than 100 accompanying pages of declarations and exhibits.  See Dkt. ##56, 57.  Along with his response, plaintiff also filed the "Motion for Leave to File Late Response" (Dkt. #55), and the "Motion for Leave to File Overlength Response" (Dkt. #58).  Defendants have not responded to plaintiff's July 1, 2008 motions, presumably because defendants opposed plaintiff's original June 16, 2008 "Motion to Permit Receipt of Tardy Response," which remains pending.

**B.     Analysis**

The Ninth Circuit has "consistently held that procedural requirements should be more liberally construed for *pro se* litigants."[1]  Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002)

---

[1] The Court emphasizes, however, that in ordinary circumstances the overlength portion of plaintiff's 71-page response would not be considered by the Court.  See Local Civil Rule 7(e)(3) ("Motions for summary judgment . . . and briefs in opposition shall not exceed twenty-four pages.")

ORDER DENYING AS MOOT PLAINTIFF'S MOTION
TO FILE "TARDY RESPONSE," AND ORDER
GRANTING PLAINTIFF'S MOTIONS FOR LEAVE
TO FILE LATE AND OVERLENGTH RESPONSE          -2-

(citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) ("*Pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."); Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("We have an obligation where the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."); Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984) ("This circuit has long had a rule of liberal construction of pleadings presented by *pro se* litigants[.]")).  Under Fed. R. Civ. P. 1, the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

Now that plaintiff has filed his response, his prospective June 16, 2008 "Motion to Permit Receipt of Tardy Response" (Dkt. #53) is moot.  The issue now before the Court is whether to grant plaintiff's motions for leave to file a late and overlength response.  Although plaintiff should have filed his response by June 6, 2008, the Court finds that under the circumstances of this case plaintiff's delay in filing the response on July 1, 2008 is not excessive, and defendants have not shown that they have been prejudiced by the belated filing.  The Court therefore concludes that granting plaintiff's motion for leave to file his late response is appropriate in the interest of securing a just resolution of this case.  Although plaintiff's motion to file the overlength response does not comply with Local Civil Rule 7(f), given that plaintiff is proceeding *pro se*, and in the interest of justice, the Court also grants this motion (Dkt. #58).  As set forth below, however, the Court renotes defendants' motion for summary judgment and plaintiff's motion to dismiss in order to grant defendants a full and fair opportunity to reply to

---

(emphasis added); King County v. Rasmussen, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001) (striking overlength briefing in violation of Local Civil Rule 7), aff'd, 299 F.3d 1077, 1082 (9th Cir. 2002) ("[T]he district court acted properly in granting King County's motions to strike.").  Although the Court allows plaintiff's overlength response here, plaintiff should not view this ruling as an invitation to abuse the system.  Plaintiff is cautioned that in the future, the Court will not consider any excess pages in plaintiff's filings that violate the page limitations set forth in Local Civil Rule 7(e).

ORDER DENYING AS MOOT PLAINTIFF'S MOTION
TO FILE "TARDY RESPONSE," AND ORDER
GRANTING PLAINTIFF'S MOTIONS FOR LEAVE
TO FILE LATE AND OVERLENGTH RESPONSE        -3-

plaintiff's lengthy response.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's "Motion to Permit Receipt of Tardy Response to Defendant's Motion for Summary Judgment" (Dkt. #53) is DENIED AS MOOT. The Court GRANTS plaintiff's "Motion for Leave to File Late Response to Defendant's Motion for Summary Judgment" (Dkt. #55), and his "Motion for Leave to File Overlenght [sic] Response to Defendant's Motion for Summary Judgment" (Dkt. #58). The Court RENOTES defendants' summary judgment motion (Dkt. #31) for **Friday, August 1, 2008**. Defendants' reply is due August 1, 2008, and in accordance with Local Civil Rule 7(f), defendants' reply shall not exceed one-half the total length of plaintiff's response. Additionally, given that plaintiff noted his motion to dismiss defendant Dale Brandland for the Court's consideration on the same day as defendants' motion, the Court also RENOTES plaintiff's motion to dismiss (Dkt. #43) for August 1, 2008.

The Clerk of Court is directed to renote both defendants' summary judgment motion (Dkt. #31), and plaintiff's motion to dismiss (Dkt. #43) on the Court's calendar for Friday, August 1, 2008.

DATED this 16th day of July, 2008.

Robert S. Lasnik
United States District Judge