UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD CALVIN, | ) <br> ) <br> ) No. C07-273-RSL <br> ) |
| v. | ) ORDER DENYING PLAINTIFF'S <br> ) MOTION FOR APPOINTMENT OF |
| WHATCOM COUNTY, et. al., | ) COUNSEL <br> ) <br> ) |

Plaintiff, who is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983, has requested court-appointed counsel. Dkt. 82. The Court has referred the motion to the undersigned United States Magistrate Judge. Dkt. 84. For the reasons below, the Court DENIES plaintiff's motion for appointment of counsel.

Plaintiff asks the Court to appoint an attorney to represent him because of "the complexity of the issues before the Court, and due to the severe limitations and monumental obstacles impeding plaintiff's compliance with the Court's Orders."[1] Dkt. 82 at 10. Plaintiff states that he

---

[1] Plaintiff states that he has discussed his case with an attorney, who will make a determination about representing plaintiff by mid-January. Dkt. 82 at 10. Plaintiff requests court-appointed counsel in the event this attorney does not agree to represent him. *Id.* at 11, 19. Because the date plaintiff expected a decision has passed and counsel has not made an appearance on plaintiff's behalf, the Court assumes that the attorney declined to represent plaintiff. The Court notes that plaintiff requested the Court's permission to engage counsel to assist him. Dkt. 82 at 10. Plaintiff does not need the Court's permission to engage counsel. If an attorney agrees to represent plaintiff, the attorney may file a notice of appearance without first seeking the Court's permission.

ORDER DENYING MOTION
FOR COUNSEL – 1

does not believe he can comply with the Court's order to produce an amended response to defendants' motion for summary judgment that would "in any way be lucid or meaningful." *Id.* at 11. He believes that he is unable to "communicate with the Court in any manner sufficient to make myself understood solo." *Id.* at 19. And he states that he needs an attorney's assistance to transcribe recordings that he wishes to submit as evidence in his case. *Id.* at 20.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

Plaintiff has not demonstrated a likelihood of success on the merits. In addition, plaintiff has not demonstrated that his claims are so complex that he is unable to articulate them. Plaintiff alleges that he was wrongfully arrested and detained and that he was denied health care and subjected to unconstitutional conditions of confinement during his detention. Dkt. 4 (Compl.) at 19-21. Plaintiff's complaint and other pleadings clearly articulate his claims and the relief he seeks from the Court. Moreover, plaintiff has thus far been relatively successful in litigating his case, including obtaining relief from a judgment entered against him and several extensions of deadlines when he needed more time to complete discovery. *E.g.*, Dkts. 23, 52, 81. Although plaintiff is concerned about transcribing recordings, this is the kind of difficulty any *pro se* litigant might encounter; it does not make his case an exceptional one. Plaintiff has not shown exceptional circumstances that would warrant appointment of counsel.[2]

---

[2] The Court notes plaintiff's statement that he formerly had assistance in preparing his pleadings,

Because plaintiff has not demonstrated that the merits of his case warrant appointment of counsel as this juncture, his motion for appointment of counsel is DENIED.

The Clerk is direct to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Robert S. Lasnik.

DATED this 10th day of February, 2009.

*[signature]*

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

but this person is no longer able to help him. Dkt. 82 at 16. However, plaintiff has not demonstrated that he currently is unable to articulate his claims because of their complexity. Should plaintiff's stated difficulties in proceeding *pro se* become apparent in the future, plaintiff may renew his motion for court-appointed counsel.

ORDER DENYING MOTION
FOR COUNSEL – 3