UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD CALVIN,

    Plaintiff,

v.

WHATCOM COUNTY, *et al.*,

    Defendant.

NO. C07-273RSL

ORDER DENYING PLAINTIFF'S MOTION FOR EIGHTEEN-DAY CONTINUANCE

This matter comes before the Court on *pro se* plaintiff's "Motion for Eighteen Day Continuance of Date Set for Submission of Amended Response to Motion for Summary Judgment," Dkt. #109. Plaintiff asks for yet another continuance in light of the fact that he is awaiting an "important document" and affidavit from his former attorney. Id. at 2. Plaintiff explains that the document "appears to refute many of the assertions brought in defendant Mr. Buckingham's Declaration in Support of Motion for Summary Judgment, particularly those made on page two, lines 7-13, there." Id. Given that this document apparently refutes the reasons Mr. Buckingham had for dismissing the criminal charges against plaintiff, the Court does not find that this document is important enough to prolong a decision on defendants' motion for summary judgment. To the extent plaintiff's case hinges on Mr. Buckingham's reasons for exercising his prosecutorial discretion, it is on shaky ground to say the least. Moreover, plaintiff's specific request for 18 days is peculiar in light of his statement that he "can only say [the affidavit] will come soon" and that "it is difficult to predict precisely when we may

ORDER DENYING PLAINTIFF'S
MOTION FOR EIGHTEEN-DAY
CONTINUANCE - 1

have completed our required Amended Response." Id. at 6 n.7. The Court will not indefinitely delay a determination of the pending motion.

Plaintiff must submit his amended response immediately.[1] If he does not currently possess the evidence he seeks, he must submit his amended response without that evidence. The Court grants him this opportunity only because it has been given no indication of the extent to which he has drafted an amended response based on evidence other than this particular document relating to Mr. Buckingham. After all, plaintiff's complaint asserts many violations from several defendants. Assuming he has conducted additional discovery since the Court first gave him the opportunity to do so nearly ten months ago, plaintiff must submit any evidence and his newly-drafted response by Monday, August 24, 2009.

The Clerk of the Court is instructed to re-note defendants' motion for summary judgment (Dkt. #31) for Friday, August 28, 2009.

---

[1] Plaintiff also complains that he did not receive the Court's previous order until two days after the due date for his amended response. Dkt. #109 at 5. He contends that his mail is often delayed as much as eight days. Id. Fed. R. Civ. P. 6(d) allows three days to be added after the period would otherwise expire when service is sent through the mail. The Court follows Rule 6(d) unless a party has presented evidence indicating he requires an exception. Although plaintiff states that the Court's July 17 order, Dkt. #107, was postmarked July 22, 2009, the exhibit he attaches as proof reflects only that "Defendants' Request for Continuance if Necessary," Dkt. #108, was postmarked on this date. The docket reflects that the Court's order was sent to plaintiff on July 20, 2009, the first business day after it was issued. Regardless, the substantial delays in this case can hardly be attributed to a few days of mail delay. Rather, defendants' motion for summary judgment has been pending for so many months because of plaintiffs' inability to submit his amended response at all.

ORDER DENYING PLAINTIFF'S
MOTION FOR EIGHTEEN-DAY
CONTINUANCE - 2

1 | DATED this 14th day of August, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR EIGHTEEN-DAY
CONTINUANCE - 3