UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD CALVIN,

    Plaintiff,

v.

WHATCOM COUNTY, *et al.*,

    Defendants.

NO. C07-273RSL

ORDER GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendants Deputy Todd Furdyk, Deputy Michael King, and Corrections Officer Mike Zender's "Motion for Summary Judgment" (Dkt. # 116). Plaintiff has submitted no response to defendants' motion. For the reasons that follow, the Court GRANTS defendants' motion for summary judgment. Because the Court grants defendants' motion for summary judgment, the Court also *sua sponte* DISMISSES the remaining claim against Sheriff Bill Elfo as there is no underlying offense for which Whatcom County or Sheriff Elfo could be held liable.

## II. DISCUSSION

**A. Background**

   **1. Factual Background**

Plaintiff's complaint alleges that on or about November 29, 2003, after his home was burglarized, Whatcom County authorities arrested him for assault instead of the purported

ORDER GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 1

burglars when they responded to plaintiff's 911 call for assistance. Amended Complaint ("Am. Comp."), Dkt. #89-2 at 5, 7. Plaintiff also alleges that, despite his requests, the Sheriff's deputies refused to lock up his home before taking him to jail, thereby facilitating another burglary in his absence. Id. at 9. Plaintiff alleges that during the incarceration pursuant to his arrest he suffered mistreatment and inferior jail conditions. Id. at 10. Plaintiff was released from jail after thirty-three days, and the charges against him were later dismissed.

**2. Procedural Background**

This matter's procedural history is detailed in great length in the Court's first summary judgment Order (Dkt. #114), filed September 30, 2009. In short, after granting many continuances to plaintiff (in the interests of justice and in consideration of his *pro se* status), the Court has dismissed or granted summary judgment to all the defendants named in plaintiff's amended complaint except for the three named defendants in this motion and Sheriff Bill Elfo, who supervises the named deputy defendants. See Dkt. #114, 129.

On October 23, 2009, defendants filed a motion for summary judgment on the remaining causes of action. Plaintiff's response to that motion was past due on November 30, 2009. Three weeks later, on December 22, 2009, as the Court was ready to issue an order, plaintiff submitted a motion to continue the noting date for defendants' summary judgment motion (Dkt. #132). In the interests of justice, the Court granted plaintiff's motion, but warned plaintiff that this was the last scheduling concession it would make for his benefit:

> Despite the facts that defendant's summary judgment motion filed with the Court two months ago (Dkt. #116) clearly indicates that a copy of the documents in question were sent to plaintiff's listed address on October 23, 2009 and that plaintiff waited to inform the Court that he had not received the motion over two weeks after the note date on the motion, in the interest of due process, the Court will GRANT plaintiff's motion and re-note defendant's summary judgment motion for January 29, 2010. So plaintiff is aware, this is the last scheduling concession the Court will make for his benefit. In its memory, this Court has never granted so many continuances for the benefit of one party for so many different and purported justifications. There will be no more continuances granted for any reason.

Dkt. # 134 at 1-2. Under the terms of the continuance, plaintiff had until January 25, 2010 to respond to defendants' motion filed on October 23, 2009. Plaintiff submitted no response. On

ORDER GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 2

February 10, 2010, however, plaintiff submitted a so-called "Second Supplemental Affidavit of David B. Hunter, J.D. in Support of Response to Defendant's (2nd) Motion for Summary Judgment" (Dkt. #137). The Court has looked at the docket and has found neither the Response this affidavit claims to support nor a "first" affidavit from Mr. Hunter. On February 19, 2010, Mr. Calvin submitted a "Second Supplemental Affidavit of Plaintiff in Support of Response to Motion for Summary Judgment" (Dkt. #139), similarly claiming to support a Response not in the docket. In any case, Mr. Hunter's and Mr. Calvin's submissions are obviously submitted well past the already long-continued noting date on the motion, and, as the Court has made abundantly clear in its previous orders, it will not tolerate any more delay by plaintiff. To continue to allow this matter to proceed in this fashion would be grossly unfair both to defendants and to this Court. Accordingly, the Court will not consider Mr. Hunter's or Mr. Calvin's affidavits.

**B.     Summary Judgment Standard**

Fed R. Civ. P. 56 provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden "to show initially the absence of a genuine issue concerning any material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), and all evidence must be viewed in the light most favorable to the nonmoving party, Hawkins v. United States, 30 F.3d 1077, 1079 (9th Cir. 1994). Once the moving party makes the required showing, the burden shifts to the nonmoving party to come forward with sufficient evidence to demonstrate that there is a triable issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). Fed. R. Civ P. 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

ORDER GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 3

1  The Court addresses the claims against each remaining defendant in turn.

2  **C.  False Arrest Claim Against Deputy Todd Furdyk**

3  Plaintiff alleges that Furdyk "unlawfully found or assumed probable cause" in arresting
4  plaintiff, and in doing so "violated plaintiff's rights to be free from unreasonable seizure." Am.
5  Comp. at 22. The Court construes this language as stating causes of action for false arrest under
6  Washington State law and 42 U.S.C. § 1983.

7  To establish a claim for false arrest under Washington law, a plaintiff must show that the
8  defendant violated the plaintiff's right of personal liberty or restrained the plaintiff without legal
9  authority. Bender v. City of Seattle, 99 Wn.2d 582 (1983). Pursuant to RCW 10.31.100, "a
10 police officer having probable cause to believe that a person has committed . . . a felony shall
11 have the authority to arrest the person without a warrant." Probable cause exists where the facts
12 and circumstances within the police officer's knowledge at the time of detention, based upon
13 reasonably trustworthy information, lead a reasonable person to believe that an offense has been
14 committed. State v. Fricks, 91 Wn.2d 391, 398 (1979). Similarly, the Fourth Amendment
15 requires that law enforcement officers have probable cause before making a warrantless arrest.
16 Michigan v. Summers, 452 U.S. 692, 700 (1981). An arrest is unlawful unless there is probable
17 cause to believe that a specific criminal statute has been or is being violated. Devenpeck v.
18 Alford, 543 U.S. 146, 152 (2004).

19 Deputy Furdyk's declaration and police report state, *inter alia*, that when he arrived at the
20 scene, (1) he observed plaintiff in an argument with Susan King, (2) Ms. King had a large amount
21 of blood covering her face, (3) Ms. King said she had been attacked by plaintiff with a hatchet,
22 (4) plaintiff admitted to hitting Ms. King with a hatchet, and (5) the hatchet appeared to have hair
23 and blood stuck to it. See Dkt. #120. Pursuant to RCW 9A.36.011, "[a] person is guilty of
24 assault in the first degree if he or she, with an intent to inflict great bodily harm . . . assaults
25 another with a firearm or any deadly weapon or by any force or means likely to produce great
26 bodily harm or death . . . ."

27 Clearly, Deputy Furdyk had probable cause at the time of arrest to believe that plaintiff

28 ORDER GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 4

had committed assault in the first degree. As such, the Court finds there is no genuine issue as to any material fact and that Deputy Furdyk is entitled to judgment as a matter of law.

**D.     Claim Against Deputy Michael King**

Defendants' motion for summary judgment identifies an allegation by plaintiff that Deputies King and Furdyk failed to secure his residence after his arrest and that this led "to burglary." Dkt. #117 at 4. However, defendants make no substantive response to this allegation. As the Court reads the complaint, plaintiff's allegation is levied not against Deputy Furdyk but against Deputies King and Koch and Detective Beld. See Am. Comp. at 9, 23. Because the Court has already dismissed the claims against Deputy Koch and Detective Beld for lack of service (see Dkt. #129), the Court here addresses the remaining allegation against Deputy King.

Though plaintiff's scattershot approach to pleading does allege facts related to Deputy King (see Am. Comp. at 9, 23), claiming that King's "acts and omissions" caused him "great harm" and "worked to plaintiff's rights to be free from unreasonable seizure, to due process, cruel punishment, and equal protection, *inter alia*" (Am. Comp. at 23), the Court cannot discern how a violation of these listed constitutional rights is plausibly supported by plaintiff's allegations that defendants failed to adequately lock plaintiff's residence and that third parties later burglarized and/or vandalized his residence. Untethered to alleged facts by any plausible legal theory, plaintiff's conclusory constitutional claims are empty of meaning. See, e.g., Taylor, 880 F.2d at 1045 ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.") As such, Deputy Michael King is entitled to judgment as a matter of law.

**E.     Corrections Officer Mike Zender**

Plaintiff alleges that upon his release from custody, Correction Officer Mike Zender violated his rights under the United States and Washington State Constitutions by "refusing to allow plaintiff to obtain clean clothes" and forcing him to exit the detention center in the dirty and damp clothes he was wearing when brought into custody. See Am. Comp. at 19-21, 26-27. Plaintiff complains that Officer Zender should have permitted Mr. Calvin's attorney to bring him

ORDER GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 5

a set of clean clothes to wear out of the facility. Id.

In response, defendants submit the Declaration of Wendy Jones, Chief of Corrections at the Whatcom Country Jail, in which Ms. Jones explains jail policy on cleaning clothes and the security risks related to bringing outside clothing into the jail. As explained in Ms. Jones' Declaration, Officer Zender was following Whatcom County Jail policy when he insisted plaintiff exit the jail in the clothes he was wearing at booking. See Dkt. #118. The Court is satisfied with these explanations. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 (1979) ("[T]he Government must be able to take steps to maintain security and order at the institution and make certain no weapons or illicit drugs reach detainees . . . . Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment . . . .") Even in the absence of Ms. Jones' explanations of jail policy, the Court fails to see how Officer Zender's alleged conduct and the brief discomfort felt by Mr. Calvin could rise to the level of a constitutional violation. Plaintiff hyperbolically complains that this episode was "one of the most humiliating moments of [his] life." Am. Comp. at 20. Even accepting this claim as true, the Court is unaware of any constitutional right to be free of embarrassment. Officer Zender is entitled to judgment as a matter or law.

**F.     Sheriff Bill Elfo**

Plaintiff alleges a cause of action against Whatcom County Sheriff Bill Elfo for supervisory liability arising from the acts and omissions of his deputies. See Am. Comp. at 24. As official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer, the Court construes this cause as a 42 U.S.C. § 1983 claim against Whatcom County for the actions of its deputies. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 165 (1985). In an official-capacity suit, plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the alleged violation. See Hafer, 502 U.S. at 25. As all causes of action against the Whatcom County Deputy defendants have been disposed of in this Order, there is no underlying offense for which Whatcom County or Sheriff

Elfo could be held liable. The causes of action against Sheriff Elfo are dismissed.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED and the remaining cause of action against Sheriff Bill Elfo is DISMISSED. The Clerk of Court is directed to enter judgment for the defendants and against plaintiff.

DATED this 26th day of February, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 7